**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM L. STRALEY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-CV-4966 (ER) |
| | : | |
| WEEKS MARINE, INC. | : | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Weeks Marine, Inc. ("Weeks"), by and through its attorneys Donna Adelsberger and Associates, P.C., hereby moves to dismiss plaintiff's, William Straley ("Straley") complaint, or in the alternative stay this action pending the resolution of Straley's motion to dismiss Weeks' declaratory judgement action which is currently pending in the New Jersey District Court, Newark Vicinage, and in support thereof, avers as follows:

1.      Straley was a seaman employed by Weeks onboard one of its tugboats  (Langan Aff., ¶ 5, attached hereto as Exhibit "A").

2.      Weeks operates a fleet of tugboats in furtherance of its primary function as a marine contractor (Langan Aff. ¶ 4).

3.      Straley's complaint seeks damages for an alleged injury to his right shoulder under the Jones Act, 42 U.S.C. App. §622, et seq. and maintenance and cure under the General Maritime Law.

4.       Prior to filing his complaint in this Court, on May 16, 2002, Straley requested maintenance and cure from Weeks for his right shoulder injury  (Langan Aff. ¶ 19).

5.     Weeks declined to pay maintenance and cure benefits and, on June 19, 2002, filed a declaratory judgment action, captioned <u>Weeks Marine, Inc. v. William Straley</u>, 02 Civ. 2932 (FSH), currently pending in the New Jersey District Court, Newark Vicinage ("New Jersey Action") (Langan Aff. ¶23). Weeks's Declaratory Judgment Complaint was served on Straley on June 29, 2002. A true and correct copy of the complaint in the New Jersey Action is attached as Exhibit "B".

6.     Weeks' declaratory judgment action seeks a judicial determination that Straley is fit for duty, or in the alternative, that his right shoulder injury was not caused during the course of his employment with Weeks, and, therefore, that Straley is not entitled to maintenance and cure from Weeks. (See Exhibit B).

7.     Weeks' decision to file a declaratory judgment action in New Jersey was motivated by its desire to obtain a final determination of its maintenance and cure obligations to Straley in order to avoid the accrual of compensatory damages in the event Weeks' decision was wrong. This is particularly important in this case since Straley's medical records indicate he is considering surgery for his shoulder injury. Weeks' liability to Straley could dramatically increase if he is wrongfully denied cure at a time when he is in need of surgery (Langan Aff. ¶¶25 and 28).

2

8.     On or about July 24, 2002, counsel for Straley filed and served a motion to dismiss the New Jersey Action.  A true and correct copy of Straley's Notice of Motion and Memorandum of Law in Support is attached as Exhibit C.

9.     Counsel for Straley filed a Complaint in the instant action on or about July 22, 2002 ("Pennsylvania Action").  A true and correct copy is attached hereto as Exhibit "D".

10.    Weeks filed an opposition to Straley's motion to dismiss in the New Jersey Action on August 7, 2002.  Attached as Exhibit E is Weeks' Memorandum of Law in Opposition to Defendant's Motion to Dismiss.

11.    Counsel for Straley did not file a reply to Weeks' papers in opposition to Straley's motion to dismiss the New Jersey Action. Accordingly, Straley's motion to dismiss the New Jersey Action has been fully briefed before the New Jersey Court since August 7, 2002.

12.    The return date for Straley's motion to dismiss the New Jersey Action was September 9, 2002.  To date, the New Jersey Court has not ruled on Straley's motion to dismiss.

13.    The Eastern District of Pennsylvania bears no relationship to the facts underlying the parties' dispute.

14.    Straley initially claimed to injure his right shoulder onboard a Weeks' tug in Virginia  (Langan Aff. ¶6).

15.    During the resulting period of disability, Straley treated with doctors and physical therapists located near his home in Kentucky (Langan Aff. ¶9).

16.    After his return to work,  plaintiff reported he injured his right shoulder again onboard a tug in Port Elizabeth, New Jersey  (Langan Aff. ¶¶ 12 and 13).

17.    Weeks sent Straley to a doctor located in New Jersey.  That doctor found Straley fit for duty (Langan Aff. ¶¶ 14, 15 and 16).

18.    Weeks' corporate offices are in New Jersey (Langan Aff. ¶¶ 28).

19.    Weeks has no offices in Pennsylvania (Langan Aff. ¶ 29).

20.    Straley resides in Kentucky.

WHEREFORE, Defendant, Weeks Marine, Inc., respectfully requests that this Court dismiss Plaintiff's Complaint or, in the alternative, stay this action pending resolution of William Straley's motion to dismiss Weeks' declaratory judgment action, captioned Weeks Marine, Inc. v. William Straley, 02 Civ. 2932 (FSH), currently pending in the New Jersey District Court, Newark Vicinage.  In the event the New Jersey District Court decides to retain  jurisdiction over Weeks' declaratory judgment action, Weeks also

moves this Court to transfer Straley's Jones Act claim to the New Jersey

District Court pursuant to 46 U.S.C. § 1404.

Respectfully submitted,

DONNA ADELSBERGER & ASSOCIATES, P.C.


_____
Mary Elisa Reeves, Esquire
Attorney ID NO. 44194
6 Royal Avenue
P.O. Box 530
Glenside, PA 19038-0530
(215) 576-8690
Attorney for Defendant,
Weeks Marine, Inc.

DATED:  October 10, 2002

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM L. STRALEY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-CV-4966 (ER) |
| | : | |
| WEEKS MARINE, INC. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.    INTRODUCTION**

**A.    Preliminary Statement**

Defendant, Weeks Marine, Inc. ("Weeks"), submits this Memorandum of Law and affidavit of Thomas F. Langan, in support of its motion to dismiss, or, in the alternative, stay plaintiff's ("Straley") lawsuit pending resolution of Straley's motion to dismiss Weeks' Declaratory Judgment Action currently pending in the District of New Jersey, Newark Vicinage, 02 Civ. 2932 ( FSH ) ("New Jersey Action"). In the event the District of New Jersey decides to retain jurisdiction over the New Jersey Action, Weeks' moves this Court to transfer Straley's Jones Act claim to New Jersey pursuant to 46 U.S.C. §1404.

Straley's complaint seeks damages for personal injury from Weeks, a ship-owning employer, pursuant to the Jones Act, 46 U.S.C. App. § 688, et seq. and maintenance and cure benefits under the general maritime law ("Pennsylvania Action"). The issue of Straley's entitlement to maintenance and cure from Weeks is currently pending in the New Jersey Action. Weeks instituted the New Jersey Action by filing a complaint for Declaratory Judgment, seeking a judicial declaration

pursuant to 28 U.S.C. §2201 that Straley is presently fit for duty and not in need of any medical treatment, or, in the alternative, that his medical condition was not caused by his service aboard Weeks' vessel, and as such, that he is not entitled to maintenance and cure from Weeks.  The New Jersey Action was filed on June 19, 2002 and served on Straley on June 29, 2002.  On information and belief, this Pennsylvania Action was not filed until one month later, on or about July 22, 2002.  On July 24, 2002, Straley brought a motion to dismiss the New Jersey Action which was returnable September 9, 2002.  The District of New Jersey has yet to decide that motion.  Under the First Filed rule, the Pennsylvania Action should be dismissed or, in the alternative, stayed pending resolution of Straley's motion to dismiss the New Jersey Action.

### B.    Statement of Facts

The Court is respectfully referred to the accompanying Affidavit of Thomas Langan, the Corporate Risk Manager for Weeks ("Langan Aff"), attached hereto as Exhibit "A".

## II.    LEGAL ARGUMENT

### A.    THE FIRST FILED RULE MANDATES THIS ACTION BE DISMISSED OR STAYED

### 1.    The New Jersey Action was filed first.

The First Filed Rule gives a Court the power to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court. EEOC v. University of Pennsylvania, 850 F.2d 969,

2

971 (3d Cir. 1988); U.S. v. Martin, 2001 A.M.C. 2164, 2167 (E.D. PA 2001),

attached hereto as Exhibit "F". "The well established rule is that in the cases of

concurrent jurisdiction , 'the first court in which jurisdiction attaches has priority to

consider the case. [Citations omitted.]  The first-filed rule is not intended to be

rigid, mechanical or inflexible, [citations omitted], but is to be applied in a manner

best serving the interests of justice.  The prevailing standard is that 'in the absence

of compelling circumstances, [citations omitted], the first filed rule should apply."

U.S. Fire Ins. Co., et al, v. Goodyear Tire & Rubber Co., 920 F.2d 487, 88 - 89 (8th

Cir. 1990).  In Good Year, the 8th Circuit Court of Appeals affirmed a district

court's decision to retain jurisdiction over a declaratory judgment action when the

declaratory judgment defendant filed a parallel action in another federal district

court after the declaratory judgment action was filed.  See also Northwest Airlines,

Inc. v. American Airlines, Inc., 989 F.2d 1002 (8th Cir. 1992);  Mentor Graphics

Corporation v. Trimeter Technologies Corp., 739 F. Supp. 542, 544 (D. Ore. 1990)

("Ordinarily there is a presumption in favor of the plaintiff's choice of forum.

[Citations omitted.]  However, when two parties file actions simultaneously, the

party seeking declaratory judgment stands on equal footing with the party seeking

the traditional remedy, unless the party seeking declaratory judgment unfairly took

advantage of the other in a race to the courthouse," citing  Ashe v. Pepsico, 443 F.

Supp. 84, 85 (S.D.N.Y. 1977)).

        The First Filed rule is applicable in the Third Circuit.  EEOC v. University of

Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988);  U.S. v. Martin, 2001 A.M.C.

2164, 2167 (E.D. PA 2001).  In <u>U.S. v. Martin</u>, a shipowner filed a declaratory

judgment action in this Court against a sailor who contended he was injured in the

service of a vessel.  The sailor resided in the Eastern District of Pennsylvania and

initially sought medical treatment for his alleged injury in the Eastern District of

Pennsylvania.  The declaratory judgment complaint requested resolution of the

shipowner's maintenance and cure obligation.  The shipowner's suit was filed on

January 14, 2000.  On March 15, 2000, the seaman filed suit against the

shipowner for damages under the Jones Act and general maritime law in the

Southern District of Texas, to where he had subsequently moved.  Thereafter, the

seaman filed a motion to dismiss, or in the alternative, to transfer venue of, the

shipowner's action to Texas.  This Court denied the seaman's motion to dismiss

and granted the United States' motion to enjoin the seaman from litigating the issue

of maintenance and cure in the Texas court.  The Court's ruling was based in part

of the application of the first filed rule.  <u>Id</u>. at 2167.

The same principles which guided this Court in <u>U.S. v. Martin</u>, apply here.

On June 19, 2002, Weeks filed its Declaratory Judgment Action against Straley on

maintenance and cure issues.  Weeks filed its declaratory judgment action in the

District of New Jersey, where the events giving rise to the alleged injury occurred

and where Straley received treatment for the alleged injury.  The declaratory

judgment action was served on Straley on June 29, 2002.  Almost a month later,

on or about July 22, 2002, Straley filed his complaint in this Court seeking

maintenance and cure and damages for the alleged personal injury under the Jones

4

Act. Plaintiff neither lives in this jurisdiction nor did any of the events out of which the dispute arose occur here. Weeks has no corporate offices here.

Straley moved to dismiss the New Jersey Action on July 24, 2002. That motion is currently fully briefed, although not yet decided, in the District of New Jersey. All of the issues before this Court are subject to resolution by the New Jersey Court. Principles of comity and judicial economy, which underlie the First Filed Rule, dictate that the District of New Jersey be permitted to resolve these issues, since they were brought before that court first.

   **2.    There are no special circumstances which require a deviation from the First Filed rule**

A special circumstance which can result in a deviation from the First Filed Rule is when the first filed action was the result of forum shopping, or bad faith. Straley suggested in his motion to dismiss the New Jersey Action that Weeks raced into the New Jersey Court in order to prevent Attorney Barish from representing Straley. Attorney Barish has been denied admission pro hac vice by a number of judges in New Jersey Federal District Court in the past. Weeks did not race to the Courthouse to preempt a procedural advantage of Straley. Quite the opposite, it was Attorney Barish, who raced into the Eastern District of Pennsylvania, in furtherance of his own personal goals.

On May 7, 2002, Straley was employed as a seaman aboard a Weeks Tug in the port of Newark. He reported to his supervisor that his shoulder was hurting him. (Langan Aff. at ¶¶ 12 - 13). Weeks arranged for a medical examination by

Doctor Flax.  Dr. Flax determined plaintiff was fit for duty and sent him back to the tug.  (Langan Aff. at ¶¶14 - 16).  Later that day, Straley abandoned the vessel without giving notice to Weeks.  Straley was fired.  (Langan Aff. at ¶¶17 - 18).  On May 19, 2002, Straley contacted Weeks and requested maintenance and cure benefits. Teresa Olivo informed Straley she needed further medical support for his request.  (Langan Aff. at ¶¶19 - 20).  Those medical records were provided to Weeks on May 31, 2002.  (Langan Aff. at ¶21).  On June 5, 2002, Attorney Barish sent a letter of representation to Weeks.  In that letter, Attorney Barish stated he represented Straley in connection with Straley's personal injuries sustained in Norfolk, Virginia.  There was no mention of Straley's alleged injury in New Jersey in May, out of which Weeks' request for a declaratory judgment arose.  Moreover, the letter did not state that Straley intended to file suit.  (Langan Aff. at ¶22 and Exhibit 1 thereto).  Based on Weeks' medical expert's finding plaintiff was fit for duty on the day he left the vessel and Straley's medical records indicating that his current disability, if one exists, may be due to a horse falling on him, Weeks declined to provide further benefits.  Weeks made the decision to decline the request for benefits on June 12, 2002 and on that same day consulted with their attorneys about filing a declaratory judgment action.  That action was filed on June 19, 2002.  (Langan Aff. at ¶¶11 - 24).

The Courts have recognized that a seaman "may be more interested in threatening his employer with suit and building his medical case by visiting doctors recommended by his attorney than he is in actually having an adjudication."  Lady

6

Deborah, 855 F.Supp. 871, 876 - 77 (E.D.Va. 1994).  As a result of that practical

reality, Weeks immediately filed this declaratory judgment action to have its

obligations to Straley adjudicated.  Weeks filed this action in the District of New

Jersey where the incidents giving rise to the claim occurred and where Weeks has

litigated many claims against Attorney Barish and his firm.  In fact, as recently as

May, 2002, Weeks tried a case against Attorney Barish's office in the District of

New Jersey before the Honorable Judge Bissell.  (Langan Aff. at ¶ 26).

Accordingly, the New Jersey forum was chosen because it was appropriate and

because it provided the remedy Weeks needed - a speedy determination of its

maintenance and cure obligations.  It was not chosen to gain an unfair procedural

advantage over Straley.  (Langan Aff. at ¶ 27).

      In fact, it was bad faith on the part of Straley's counsel, Marvin Barish, when

he filed the Pennsylvania Action, knowing the issues were already before the Court

in the New Jersey Action. Plaintiff's counsel filed suit in Pennsylvania more than a

month after Weeks filed its action.  He did so in order to circumvent the recent

rulings of a number of New Jersey District Court Judges denying him admission pro

hac vice into this Court.  Those decisions were based on his history of

unprofessional and even violent outbursts toward opposing counsel.  (See the

decisions of Judge Bissell, Magistrate Judge Hedges and more recently Judge

Brown, attached hereto as Exhibits G, H and I respectively).  Plaintiff's counsel's

decision to file in the Eastern District of Pennsylvania does not benefit anyone

except Attorney Barish personally.  Litigating the matter in Pennsylvania will be

7

inconvenient for everyone concerned, <u>including Straley</u>.  Only Attorney Barish

benefits by litigating plaintiff's claims in this Court, and the location of the

plaintiff's attorney is not a relevant factor for the court to consider when deciding

venue.   <u>See, e.g.</u>, <u>Bolles v. K Mart Corporation</u>, 2001 WL 767605, No. 01-1118

(E.D.Pa. 2001)(Judge Kelly).

In <u>First Shipmor Assoc. v. Musa</u>, 1993 A.M.C. 2007 (N.D. Cal.

1993)(attached hereto as Exhibit J), a shipowner filed a declaratory judgment

action against a seaman to determine the shipowner's obligations to pay

maintenance and cure.  Thereafter, the seaman filed a state court action alleging

Jones Act negligence and claiming maintenance and cure under the general

maritime law.  In denying the seaman's motion to dismiss the declaratory judgment

action, the <u>First Shipmor</u> court held that it was the seaman who was forum

shopping since his suit was the later filed action.  <u>First Shipmor</u> at 2009.

Accordingly, plaintiff's counsel's bad faith in subsequently filing Straley's Jones

Act claim in an inconvenient forum to deprive Weeks of its right to a speedy and

efficient determination of its maintenance and cure obligations dictates in favor of

this Court applying the First Filed Rule and dismissing Straley's Pennsylvania Action

in deference to the New Jersey Court already considering these same issues.

## B.    NEW JERSEY IS THE APPROPRIATE FORUM IN WHICH TO LITIGATE THIS DISPUTE

Another factor considered by federal courts deciding whether to retain

jurisdiction over an action when there is a parallel action pending in another federal

court, is which forum is the most convenient.  Amerada Petroleum Corporation v.

Marshall, 381 F.2d 661 (5th Cir. 1967); U.S. v. Martin, 2001 AMC 2164 (E.D. Pa.

2001); Mentor Graphics Corporation v. Trimeter Technologies Corp., 739 F. Supp.

542, 544 (D. Ore. 1990).   In Amerada Hess, the Fifth Circuit affirmed the decision

of the Southern District Court of Texas which refused to retain jurisdiction over a

declaratory judgment action when a parallel action was pending in another federal

court.  The district court considered, inter alia, the fact that the other jurisdiction,

New York, was the more convenient because the contract in dispute was executed

in New York, the contract was performed in New York and the principal place of

business of one of the parties to the litigations was in New York. There was no

nexus between the dispute and Texas.  Id. at 663.  The Fifth Circuit affirmed,

holding:

> Amerada Hess is not in the position of one who cannot obtain an
> adjudication of its legal rights; The only question here is in which of the two
> jurisdictions should the adjudication take place.  We cannot say that the
> judge acted outside the limits of his discretion in considering the factors
> which favor New York as the proper forum.

Id. at 663.

Similarly, in Martin, the Eastern District of Pennsylvania considered the

appropriateness of the competing fora.  According to the Martin court, venue of the

shipowner's action was appropriate in Pennsylvania since the plaintiff lived there at

the time the shipowner's declaratory judgment action was filed.  Venue in Texas

was inappropriate since the plaintiff did not move there until after the shipowner's

action was filed.  U.S. v. Martin, 2001 A.M.C. at 2166.

9

The principles considered by the Eastern District of Pennsylvania in declining to dismiss the shipowner's suit in <u>Martin</u> are applicable in this case.  On the one hand, this case is appropriately venued in New Jersey.  The facts giving rise to Weeks' request for a judicial declaration of its maintenance and cure obligations occurred in New Jersey.  Straley allegedly became unfit for duty while employed on a Weeks barge in New Jersey.  Straley underwent an examination and was found fit for duty by a doctor located in New Jersey. Weeks' corporate offices are in New Jersey.  Weeks does not maintain any offices in Pennsylvania.  (Langan Aff. at ¶¶ 11 -20; ¶28).  On the other hand, the Eastern District of Pennsylvania is an inconvenient forum.  Straley resides in Kentucky.  Weeks has no corporate presence in Pennsylvania.  None of the facts and circumstances arising out of Straley's Jones Act and maintenance and cure claims occurred in Pennsylvania.  Straley was initially employed on a Weeks tug in Virginia.  Thereafter, he was employed on a Weeks tug in New Jersey.  (Langan Aff. at ¶¶5 - 7; ¶28 and ¶29).  Just as in <u>U.S. v. Martin</u>, these facts dictate in favor of the New Jersey Court retaining jurisdiction over the issues.  Accordingly, this Court should defer to the New Jersey Court and dismiss Straley's complaint.  In the alternative, this Court should stay this action pending the New Jersey Court's resolution of the issues raised in Straley's motion to dismiss.

**C.    IF THE NEW JERSEY COURT RETAINS JURISDICTION, STRALEY'S JONES ACT CLAIM SHOULD BE TRANSFERRED PURSUANT TO 28 U.S.C. §1404**

28 U.S.C. §1404 permits a district court, for the convenience of parties and witnesses, in its discretion, to transfer any civil action to any other district where it may have been brought.  In the event the New Jersey court retains jurisdiction over Weeks' declaratory judgment action, plaintiff's Jones Act claim should be transferred to the United States District Court for the District of New Jersey for a resolution of all claims arising out of Straley's employment onboard Weeks' vessels. In any event, Straley's Jones Act claim will constitute a compulsory counterclaim since it arises out of the same nucleus of operative facts and will have to be asserted in Straley's Answer to Weeks' Declaratory Judgment Complaint, should the New Jersey Court decide that Straley must file an Answer in that court.

**III.    CONCLUSION**

For the foregoing reasons, Defendant Weeks Marine Inc. requests an order dismissing plaintiff's complaint, or in the alternative staying this action, until resolution of Straley's motion to dismiss the New Jersey Action.  In the event the New Jersey Court retains jurisdiction over Weeks' Declaratory Judgment Action, Straley's Jones Act claim should be transferred pursuant to 28 U.S.C. §1404, to

the District of New Jersey for a complete resolution of all issues arising out of

Straley's employment aboard Weeks' vessels.

 

       Respectfully submitted,

       DONNA ADELSBERGER & ASSOCIATES, P.C.

 

 

       _____
       Mary Elisa Reeves, Esquire
       Attorney ID NO. 44194
       6 Royal Avenue
       P.O. Box 530
       Glenside, PA 19038-0530
       (215) 576-8690
       Attorney for Defendant,
       Weeks Marine, Inc.

DATE: October 10, 2002

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM L. STRALEY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-CV-4966 (ER) |
| | : | |
| WEEKS MARINE, INC. | : | |

**ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of Defendant's Motion to Dismiss, Supporting Memorandum of Law, and any response thereto, it is hereby ORDERED and DECREED that said Motion is granted.

In the alternative, it is hereby ORDERED and DECREED that the above-captioned action is stayed pending resolution of Straley's Motion to Dismiss Weeks' currently filed New Jersey Declaratory Judgment action, Weeks Marine, Inc. v. William Straley, 02 Civ. 2932 (FSH).  In the event the District of New Jersey retains jurisdiction over Weeks' Declaratory Judgment maintenance and cure action, Plaintiff's claims are hereby transferred to the United States Court, District of New Jersey to be determined jointly with Defendant's maintenance and cure action.

_____
                                                              J.

**CERTIFICATE OF SERVICE**

I, Mary Elisa Reeves, Esquire, hereby certify that on the date set forth below, I gave a copy of the Entry of Appearance for Mary Reeves, Defendant's Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support thereof, via First Class Mail, to the following counsel:

Marvin I. Barish, Esquire
Marvin I. Barish Law Offices, P.C.
Three Parkway, 13th Floor
1601 Cherry Street
Philadelphia, PA  19102

_____
Mary Elisa Reeves, Esquire

DATE:  October 10, 2002

14