## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM L. STRALEY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-CV-4966 (ER) |
| | : | |
| WEEKS MARINE, INC. | : | |

### DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Defendant, Weeks Marine, Inc. ("Weeks"), by and through its attorneys Donna Adelsberger and Associates, P.C., respectfully submits this Reply Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint.

This is a case in which the first-filed rule clearly applies, and Plaintiff presents nothing that would preclude the application of that rule. Plaintiff's Memorandum of Law attempts to draw attention away from the real focus of Defendant's Motion to Dismiss, which is a dismissal or stay of Plaintiff's Complaint based on the first-filed rule.[1] In fact, Straley even repeatedly argues in his Memorandum for the dismissal of Weeks' Declaratory Judgment action, which is an action pending in the District Court of New Jersey, and not before this Court.

This is not a case, like so many cited in Straley's moving papers, where the seaman is seeking his remedy in a state court, and will be deprived of that constitutional and statutory right if the federal court retains jurisdiction. See Great Lakes Dredge & Dry Dock Co. v. Banks, 870 F. Supp. 1112, , 1115 - 16 (S.D. Ga.

---

[1] It should also be noted that, while Plaintiff filed a Memorandum of Law in opposition to Defendant's Motion to Dismiss, Plaintiff did not answer Weeks' Motion. Accordingly, the factual allegations in Defendant's Motion should be deemed admitted. *See, e.g.* Sadler v. Moran Towing Corp., 204 F.Supp. 695, 696 (S.D.N.Y. 2002).

1994); Gates Construction Corp. v. Koschak, 792 F. Supp. 334, 337 (S.D.N.Y. 1992); Lady Deborah v. Ware, 855 F.Supp. 871, 876 (E.D.Va. 1994); Belle Pass Towing Corp. v. Charamie, 763 F.Supp. 1348 (E.D. La. 1991).  No savings to suitors issues are implicated under the current circumstances.  Straley's subsequently filed action was filed in another federal court.  The only issue here, as in the Amerada case and the Martin case, is which of the two federal courts is more appropriate.

Plaintiff also argues at length in his Memorandum for a denial of Defendant's request to transfer this action to the District Court of New Jersey, and even attempts to re-characterize Defendant's Motion to Dismiss as a motion to transfer.  However, this was offered merely as an alternative relief, and the emphasis of Defendant's Motion is for a dismissal of Plaintiff's Complaint or a stay of Plaintiff's Complaint pending resolution of Straley's Motion to Dismiss Defendant's Declaratory Judgment action currently pending in the District Court of New Jersey.

Finally, Straley appears to argue that the New Jersey District Court lacks subject matter jurisdiction over the declaratory judgment action.  This is simply not true, as that court has jurisdiction under both 28 U.S.C. §1333 (admiralty and maritime jurisdiction) and 28 U.S.C. §1332 (diversity jurisdiction).  In any case, the issue of subject matter jurisdiction is a matter to be decided by the New Jersey District Court.  This action must be dismissed or stayed pending a ruling in the first filed action.

For the foregoing reasons, and reasons set forth in Defendant's Motion to

Dismiss, Defendant respectfully requests an order dismissing plaintiff's complaint, or in the alternative staying this action, until resolution of Straley's motion to dismiss the New Jersey Action.

          Respectfully submitted,

          DONNA ADELSBERGER & ASSOCIATES, P.C.

          By: _____
              Mary Elisa Reeves, Esquire
              Attorney ID NO. 44194
              6 Royal Avenue
              P.O. Box 530
              Glenside, PA 19038-0530
              (215) 576-8690
              Attorney for the Defendant,
              Weeks Marine, Inc.

Date: October 24, 2002

## **CERTIFICATE OF SERVICE**

I, Mary Elisa Reeves, Esquire, hereby certify that on the date set forth below, I forwarded a copy of Defendant's Reply to Plaintiff's Memorandum of Law in response to Defendant's Motion to Dismiss, via First Class Mail, to the following counsel:

        Marvin I. Barish, Esquire
        Marvin I. Barish Law Offices, P.C.
        Three Parkway, 13th Floor
        1601 Cherry Street
        Philadelphia, PA  19102

        _____
        Mary Elisa Reeves, Esquire

DATE:  October 24, 2002