IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM STRALEY : | CIVIL ACTION |
| : | |
| v. : | NO. 02-CV-4966 (ER) |
| : | |
| WEEKS MARINE, INC. : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
WITH AFFIRMATIVE DEFENSES**

**FIRST CAUSE OF ACTION**

Defendant, Weeks Marine, Inc., by and through its attorneys, Donna Adelsberger & Associates, P.C., hereby answers Plaintiff's Complaint as follows:

1. The allegations contained in paragraph 1 are conclusions of law to which no answer is required.

2. The allegations contained in paragraph 2 are conclusions of law to which no answer is required.

3. Denied as stated. It is admitted only that from time to time Answering Defendant performs dredging operations in the Delaware River which borders Philadelphia, Pennsylvania. All remaining allegations are denied, and strict proof thereof is demanded at the time of trial.

4. Denied as stated. It is admitted only that Plaintiff was employed by Defendant. Plaintiff was an "at will" employee with no employment contract. All remaining allegations are denied, and strict proof thereof is demanded at the time of trial.

5. Admitted.

6. Admitted.

7. Denied as stated. It is admitted only that Plaintiff alleges that he was injured while in Weeks' employ on or about February 24, 2000. All remaining allegations are denied, and strict proof thereof is demanded at the time of trial.

8. Denied. It is specifically denied that Answering Defendant was negligent or breached any of its obligations under law or contract. It is further denied that the vessel was unseaworthy in any manner. All remaining allegations are denied, and strict proof thereof is demanded at the time of trial.

9. Denied. It is specifically denied that Answering Defendant was negligent in any way and that the vessel was unseaworthy in any manner.

WHEREFORE, Answering Defendant demands judgment in its favor and against Plaintiff, and such other and further relief as may be appropriate under the circumstances.

## SECOND CAUSE OF ACTION

### In Admiralty

10. Answering Defendant hereby incorporates by reference paragraphs 1 through 9 of its answer as if set forth fully herein.

9 [sic]. Denied. Plaintiff has reached maximum medical improvement and is not entitled to any further payments of benefits from Answering Defendant.

WHEREFORE, Answering Defendant demands judgment in its favor and against Plaintiff, and such other and further relief as may be appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

1. Answering Defendant asserts its statutory right to exoneration from or limitation of liability pursuant to 46 USC § 181 *et seq.*, commonly known as the Limitation of Liability Act.

2. Answering Defendant further avers that whatever injuries, illnesses or disabilities are alleged by the Plaintiff, these were sustained solely by reason of Plaintiff's own negligence or contributory negligence, and/or are a continuation or result of prior illnesses, conditions or disabilities that existed prior to the time of the injury alleged in the Complaint.

3. None of the losses sustained by Plaintiff resulted from any act or failure to act on the part of the Answering Defendant.

4. Plaintiff has failed to mitigate his damages.

5. Answering Defendant has paid maintenance and cure to the Plaintiff for the time period required under the law.

6. Answering Defendant claims all the defenses available to it under general maritime law and the Jones Act, 46 USC § 688 *et seq.*

7. Venue is improper.

8. Service of process was insufficient.

9. Service was improper.

WHEREFORE, Answering Defendant demands judgment in its favor and against Plaintiff, and such other and further relief as may be appropriate under the circumstances.

Respectfully submitted,

DONNA ADELSBERGER & ASSOCIATES, P.C.


BY:_____
    Mary Elisa Reeves, Esquire
    Attorney I.D. #44194
    6 Royal Avenue
    P.O. Box 530
    Glenside, PA 19038
    (215) 576-8690
    Attorney for Defendant,
    Weeks Marine, Inc.

DATED: February 19, 2003

## **CERTIFICATE OF SERVICE**

I, Mary Elisa Reeves, Esquire, hereby certify that on the date set forth below, I provided a copy of Defendant's Answer to Plaintiff's Complaint, via First Class Mail, postage prepaid, to the following counsel:

>Marvin I. Barish, Esquire
>Marvin I. Barish Law Offices, P.C.
>Three Parkway, 13th Floor
>1601 Cherry Street
>Philadelphia, PA  19102

_____
Mary Elisa Reeves, Esquire

DATE:  February 19, 2003